Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH CORREIA and ALYSON ENDLICH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Case No. 2:26-cv-01479-JNW<br><br>**STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

2. <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

(a). Documents containing financial information or personal identifying information of the named plaintiff, putative class members, or any other person, except where such financial information or personal identifying information is publicly available. Such information includes, but is not limited to, addresses, telephone numbers, social security numbers, credit card account information, bank account information, other financial account information, dates of birth, drivers' license numbers, purchase histories, and other similar personal information;

(b). Documents containing, representing, or constituting lists, descriptions, or other groupings of the producing party's customers or potential customers;

(c). Documents containing, representing, constituting, or relating to lists of putative class members or potential putative class members;

(d). Documents containing, representing, constituting, or relating to the financial books and records of the producing party and any financial information pertaining to sales, revenues, costs, expenses, or profits and losses of the producing party;

(e). Non-public documents containing, representing, constituting, or relating to the producing party's policies, procedures, handbooks, and practices, which the producing party, or any third party from which the producing party has obtained the documents, maintains and treats as confidential pursuant to legitimate business interests;

(f). Non-public documents containing, representing, constituting, or relating to the producing party's non-public contracts, agreements, and communications with third parties which the producing party, or any third party from which the producing



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

party has obtained the documents, maintains and treats as confidential pursuant to legitimate business interests;

(g). Any information or documents which the producing party is obligated to keep confidential by contract or state, federal, or other law;

(h). Any non-public aspect of the producing party's computer information systems, general hardware and software specifications, handbooks, and related instructions and training information which the producing party, or any third party from which the producing party has obtained the documents, maintains and treats as confidential pursuant to legitimate business interests; and

(i). Documents or tangible things containing, representing, constituting, or relating to any non-public information concerning sales, distribution, marketing, labeling, advertising, pricing, forecasting, research, consumer demands and expectations, consumer surveys, and competitor analysis, or any other similar subject matters, relating to or concerning the assessment of service fees, including, but not limited to, delivery-related service fees, which the producing party, or any third party from which the producing party has obtained the documents or tangible things, maintains and treats as confidential pursuant to legitimate business interests.

3. SCOPE

The protections conferred by this agreement cover not only Confidential material (as defined above), but also (1) any information copied or extracted from Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential material. Further, the protections conferred by this Protective Order apply to both Confidential material produced by a party and Confidential material produced by a non-party in connection with this litigation.



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Generative AI. Confidential material shall not be submitted to any Generative AI tool unless (a) the tool operates within a private, access-controlled environment (on-premises or private cloud), (b) the tool's terms of use prohibit use of inputs for model training or disclosure to third parties, and (c) the receiving party can ensure deletion of all discovery material and derivatives at the conclusion of this matter. The obligations and restrictions of this paragraph will apply even when the Confidential material has been anonymized.

4.3 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

(d) the court, court personnel, and court reporters and their staff;

(e) any mediator or arbitrator engaged by the parties;

(f) copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

(g) during their depositions, employee or representative witnesses of the producing party, as reasonably necessary for this litigation;

(h) during their depositions, other witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material may not be disclosed to anyone except as permitted under this agreement;

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.4 Filing Confidential Material. Before filing Confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

4.5 Disclosure of Confidential Material at Hearings or Trial. In the event a party receiving Confidential material intends to use Confidential material in any pre-trial hearing or other proceeding open to individuals not entitled to Confidential material, the party shall provide reasonable notice to the Designating Party and shall meet and confer with the Designating Party as soon as it becomes apparent, based on the briefing or other issues to be covered, that such hearing or trial may require the disclosure of Confidential material. A party is on notice that a hearing or other proceeding may include Confidential material if the underlying briefing that will be discussed or presented cited any Confidential material. If the parties cannot reach agreement, the Designating Party may file a motion to seal the proceeding, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the disclosure of the Confidential material.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this agreement (*see*, *e.g.*, sections 5.2(b) and 5.3 below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential material.

(b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, whether the testimony contains protected material. Subsequently, that party or non-party must, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential and notify all other parties and participating non-parties of those designations. All parties and participating non-parties must treat the testimony in its entirety as Confidential until the thirty (30) day period has expired and thereafter must treat designated portions accordingly. If a party or non-party desires to protect Confidential material at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated as Confidential in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a receiving party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that receiving party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately: (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated this 12th day of November, 2026.

REED SMITH LLP

*/s/ Ofunne N. Edoziem*
Ofunne N. Edoziem, WSBA #54248
599 Lexington Avenue
New York, NY 10022-7650
Telephone: (212) 251-5400
Email: oedoziem@reedsmith.com

Jennifer J. Nagle (*Pro Hac Vice*)
Robert W. Sparkes III (*Pro Hac Vice*)
100 High Street, 20th Floor
Boston, MA 02110
Phone: (617) 517-2660
Email: jnagle@reedsmith.com
rsparkes@reedsmith.com

Loly G. Tor (*Pro Hac Vice*)
506 Carnegie Center, Suite 300
Princeton, NJ 08540
Phone: (609) 514-5953
Email: ltor@reedsmith.com

DAVIS WRIGHT TREMAINE LLP

Kevin Kramer, WSBA #52435
925 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 757-8068
Email: kevinkramer@dwt.com

*Attorneys for Defendant Amazon.com, Inc*

BRESKIN JOHNSON TRIAL LAWYERS PLLC

*/s/ Brendan W. Donckers*
Brendan W. Donckers, WSBA #39406
506 2nd Avenue, Suite 2400
Seattle, WA 98104
Telephone: (206) 652-8660
Fax: (206) 652-8290
E-Mail: bdonckers@bjtlawyers.com

Rebecca A. Peterson, *Pro Hac Vice*
Krista K. Freier, *Pro Hac Vice*
HAGENS BERMAN SOBOL SHAPIRO LLP
1650 West 82nd Street, Suite 880
Bloomington, MN 55431
Telephone: (612) 778-9530
E-Mail: Rebecca.peterson@hbsslaw.com
Krista.freier@hbsslaw.com

Daniel E. Gustafson
Catherine Sung-Yun K. Smith
Adam Kolb
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
E-mail: dgustafson@gustafsongluek.com
csmith@gustafsongluek.com
akolb@gustafsongluek.com

Jason Gustafson
THRONDSET MICHENFELDER, LLC
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Telephone: (763) 515-6110
E-mail: jason@throndsetlaw.com

Raphael Janove
JANOVE PLLC
115 Broadway, 5th Floor
New York, NY 10006
E-mail: Raphael@Janove.Law

*Attorneys for Plaintiffs*

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

ORDER

Based on the foregoing, IT IS SO ORDERED.

DATED: November 16, 2026.

Jamal N. Whitehead
United States District Court Judge



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____________________________________________ [print or type full name], of _____________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Correia v. Amazon.com, Inc.*, No. 2:26-cv-01479-JNW (W.D. Wash.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _________________________

City and State where sworn and signed: _________________________________

Printed Name: ___________________

Signature: ______________________



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450