The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH CORREIA and ALYSON ENDLICH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Case No. 2:26-cv-01479-JNW<br><br>**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER**<br><br>Noted: November 12, 2026 |

The parties hereby stipulate to the following provisions regarding the discovery of ESI in this matter. The definitions set forth in Section I of Appendix A apply throughout this Agreement and Order, including Appendix A. The parties began with the District's Model ESI Agreement and have identified departures from the model in a redlined copy, attached hereto as Exhibit 1.

**A. General Principles**

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

2. As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible. This agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case. The agreement does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34.

**B. ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1. Custodians. Amazon shall identify the ten custodians most likely to have discoverable ESI in its possession, custody, or control. Each named Plaintiff shall identify all custodians likely to have discoverable ESI in that Plaintiff's possession, custody, or control, including, but not limited to, that named Plaintiff. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2. Non-custodial Data Sources. A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3. Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

5. Foreign data privacy laws. Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

**C. ESI Discovery Procedures**

1. On-site inspection of electronic media. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. Search methodology. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

a. Prior to running searches:

i. The Producing Party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The Producing Party may provide unique hit counts for each search query.

ii. After disclosure, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party.

iii. The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system")



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The Producing Party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

b. The mere fact that a document is hit or captured by the application of any agreed upon search terms or search methodology does not mean that such document is necessarily responsive to any propounded discovery request or is otherwise relevant to this litigation.

c. The Parties agree that nothing in this Agreement and Order prevents the Parties from using computer assisted review ("CAR") or technology assisted review ("TAR"), including continuous active learning, or other e-discovery tools or techniques to identify ESI likely to contain discoverable information insofar as their use merely prioritizes or sorts documents for human review.

3. <u>Format.</u>

a. ESI will be produced to the requesting party with searchable text, in a format consistent with the requirements listed in Appendix A.

b. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

c. Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the Producing Party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

d. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

e. To the extent possible, documents will be produced in the color and quality they are maintained in the ordinary course of business.

4. De-duplication. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

5. Email Threading. The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the Producing Party will produce a less inclusive copy.

6. Metadata fields. If the requesting party seeks metadata, the parties agree that the metadata fields listed in Appendix A must be produced, to the extent such metadata is reasonably accessible and non-privileged.

**D. Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

a. Deleted, slack, fragmented, or other data only accessible by forensics.

b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

e. Back-up data that are duplicative of data that are more accessible elsewhere.

f. Server, system or network logs.

g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

h. Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E. Privilege**

1. A Producing Party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

provide insufficient information for the purpose of evaluating the privilege claim asserted, the Producing Party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 45 days after delivering a production unless an earlier deadline is agreed to by the parties.

2. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5. Pursuant to Fed. R. Evid. 502(d), the production of any documents, ESI or other materials, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the Producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the Producing Party.



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 12, 2026

REED SMITH LLP

/s/ Ofunne N. Edoziem
Ofunne N. Edoziem, WSBA #54248
599 Lexington Avenue
New York, NY 10022-7650
Telephone: (212) 251-5400
Email: oedoziem@reedsmith.com

Jennifer J. Nagle (*Pro Hac Vice*)
Robert W. Sparkes III (*Pro Hac Vice*)
100 High Street, 20th Floor
Boston, MA 02110
Telephone: (617) 517-2660
Email: jnagle@reedsmith.com
rsparkes@reedsmith.com

Loly G. Tor (*Pro Hac Vice*)
506 Carnegie Center, Suite 300
Princeton, NJ 08540
Telephone: (609) 514-5953
Email: ltor@reedsmith.com

DAVIS WRIGHT TREMAINE LLP

Kevin Kramer, WSBA #52435
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 757-8068
Email: kevinkramer@dwt.com

*Attorneys for Defendant Amazon.com, Inc*

BRESKIN JOHNSON TRIAL LAWYERS PLLC

/s/ Brendan W. Donckers
Brendan W. Donckers, WSBA #39406
506 2nd Avenue, Suite 2400
Seattle, WA 98104
Telephone: (206) 652-8660
Fax: (206) 652-8290
E-Mail: bdonckers@bjtlawyers.com

Rebecca A. Peterson, *Pro Hac Vice*
Krista K. Freier, *Pro Hac Vice*
HAGENS BERMAN SOBOL SHAPIRO LLP
1650 West 82nd Street, Suite 880
Bloomington, MN 55431
Telephone: (952) 246-5155
E-Mail: rebecca.peterson@hbsslaw.com
krista.freier@hbsslaw.com

Daniel E. Gustafson
Catherine Sung-Yun K. Smith
Adam Kolb
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
E-mail: dgustafson@gustafsongluek.com
csmith@gustafsongluek.com
akolb@gustafsongluek.com

Jason Gustafson
THRONDSET MICHENFELDER, LLC
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Telephone: (763) 515-6110
E-mail: jason@throndsetlaw.com

Raphael Janove
JANOVE PLLC
115 Broadway, 5th Floor
New York, NY 10006
E-mail: Raphael@Janove.Law

*Attorneys for Plaintiffs*

# APPENDIX A

## PRODUCTION FORMAT PROTOCOL

### I. DEFINITIONS

**The following definitions and terms shall apply throughout this Agreement and Order, including this Appendix A:**

1. "Document" carries its broad meaning consistent with Fed. R. Civ. P. 34 and includes ESI and hard copy/paper material. A draft or non-identical copy is a separate Document within the meaning of this term.

2. "ESI" means electronically stored information, and carries a broad meaning consistent with Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001.

3. "Extracted Text" means the text extracted from a Native File, and includes all header, footer, and document body information.

4. "Load File" means a load utilization file, which is an electronic file containing information identifying a set of paper-scanned images or processed ESI, and containing: (i) an indication of which individual pages or files constitute each Document, including attachments, and links to the Static Images associated with each Document; (ii) links to any Native Files, where native files are being produced, including attachments, associated with each Document; and (iii) data relevant to each individual Document, including extracted and user-created Metadata and coded data.

5. "Metadata" means: (i) information associated with or embedded in a Native File that does not constitute the primary content region of the file; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.

6. "Native File" or "Native Format" refers to ESI that is produced in the format in which it was maintained (e.g., an Excel document produced in .xls format would be produced in native format).

7. "OCR" means the optical character recognition file that is created by software used in conjunction with a scanner that is capable of reading text-based documents and making such documents text searchable using appropriate software.

8. "Producing Party" means the party producing Documents in response to any request for production of documents pursuant to Fed. R. Civ. P. 34(a) or for any other reason.



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

9. "Receiving Party" means the party receiving a production of Documents in response to any request for production of document(s) pursuant to Fed. R. Civ. P. 34(a) or for any other reason.

10. "Static Image(s)" means a representation of ESI produced by converting a Native File into a standard image format capable of being viewed and printed on standard document review systems. Tagged Image File Format (TIFF) and Portable Document Format (PDF) images are examples of Static Images.

## OVERVIEW

**The production format has four main components.**

1. A directory containing images of every page of every Document in the production, Bates-numbered sequentially.

2. A directory containing Native Files for a subset of the Documents, each file named with the Bates number of the first page of the Document it represents with no additional text beyond this, and with the same extension as the original Native File type of the Document.

3. A directory containing OCR or Extracted Text files, one file per Document, each file named with the Bates number of the first page of the Document it represents with no additional text beyond this, followed by ".txt" suffix.

4. A directory containing database load files. ESI will be produced with a Metadata Load File containing Bates ranges and Metadata for each Document in Concordance (*.dat) format, and an Image Load File which associates each Bates number with its corresponding single-page TIFF or multi-page PDF image file for each Document included in the production in Opticon (*.opt) format.

## FORMAT FOR PRODUCTION

A. <u>Commencement of Production.</u> The production of Documents shall proceed at such time, place, and in such sequence as allowed under the Federal Rules of Civil Procedure or as agreed to by the parties.

B. <u>General Format of Production.</u> Documents that are produced in these proceedings, whether originally stored in paper or electronic form, shall be produced in electronic image form, in the manner described in Section III.C., below, where reasonably feasible. Notwithstanding the foregoing provisions of this paragraph, the parties reserve the right to request that an



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

alternative format or method of production be used for certain Documents, if such Documents are not susceptible to production in the format or methods of production addressed herein. In that event, the parties will meet and confer to discuss alternative production requirements, concerns, formats, or methods.

C. Production Format. All documents shall be produced in the following formats when reasonably feasible:

1. Electronic Production of Paper Documents. Documents that are maintained in paper format shall be scanned as document level PDF files or black and white images at 300 x 300 dots per inch (DPI) or greater resolution, in single-page Group IV TIFF format, and shall reflect the full and complete information contained in the original Document. Hard copy Documents shall be produced with associated OCR files at the same time that the PDF or TIFF files are produced and with a Load File that includes at least the following Metadata fields: Begin Bates; End Bates; Begin Family; End Family; Pages; TextPath; Placeholder; File Extension; Custodian; All Custodians; Confidentiality; and Redacted, as those fields are described in Section IV, below. When subjecting physical documents to an OCR process, the settings of the OCR software shall maximize text quality over process speed. Any settings such as "auto-skewing" or "auto-rotation," should be turned on when documents are run through the process. Paper Documents that contain fixed notes shall be scanned with the notes affixed, if it can be done so in a manner so as not to obstruct other content on the document. If the content of the Document is obscured by the affixed notes, the Document and notes shall be scanned separately.

2. Production of Electronically Stored Information (ESI). Unless otherwise specified, Document images shall be generated from electronic Documents in a set of document level PDF or single page Group IV TIFF images that reflect the full and complete information contained on the original Document. In the event a Document is redacted, the Producing Party shall withhold the redacted text for that Document. The failure to withhold such text for a redacted Document by a Producing Party shall not be deemed a waiver of the privilege associated with that Document.

3. File Structure. The Producing Party shall produce the following sets of files with each production.

a. Image Load File.

(1) Every document referenced in a production image load file must have all corresponding images, text and metadata.



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

(2) The name of the image load file must mirror the name of the delivery volume and should have an .OPT file extension.

(3) The volume names must be reasonably consecutive (e.g. ABC001, ABC002…).

(4) The load file must contain one line per image.

(5) Every image in the delivery volume must be contained in the image load file.

(6) The image key must be named the same as the Bates number of the image.

(7) Load files must not span across media.

(8) File should be placed in the root directory or a directory labeled "DATA."

b. <u>Metadata Load File.</u>

(1) Each production has one load file, in "Concordance" style .DAT format.

(2) Values must be enclosed by þ (ASCII Decimal 254).

(3) Values must be separated by the "Device Control 4" character, ASCII decimal 20.

(4) First line must contain the column/field names (set forth in Section IV, below).

(5) The fields Begin Bates and End Bates must be present, and the first fields listed in the load file.

(6) The field NativePath must be present if native files are included in the document production.

(7) Each subsequent row must contain the Metadata for one Document.

(8) Every row must have the same number of columns/fields (empty values are acceptable).

(9) Text must be encoded in UTF-8.

(10) File should be placed in the root directory or a directory labeled "DATA."



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

c. OCR and Extracted Text Files (.TXT Files).

(1) A single text file for each Document containing all the Document's pages, in text.

(2) Pages separated by form feed character (decimal 12, hex 0xC).

(3) Filenames should be of the form: <Bates num>.txt, where <Bates num> is the Bates number of the first page of the Document.

(4) Text must be encoded in UTF-8.

(5) Files should be placed in a directory labeled "TEXT."

d. Image Files.

(1) Document level PDF or Single-page Group IV TIFF images for each Document, containing all images for that document.

(2) Filenames should be of the form: <Bates num>.<ext>, where <Bates num> is the BATES number of the first page of the document (i.e., the "Begin Bates" number), and <ext> is the appropriate extension for the image format (.pdf or .tiff).

(3) Files should be placed in the "IMAGES" subdirectory.

e. Native Files.

(1) Document level native file for each native file included in the document production.

(2) Filenames should be of the form: <Bates num>.<ext>, where <Bates num> is the BATES number of the document. Confidentiality designations may be included in the filenames, after the BATES number.

(3) A relative link to the location of the native file in the document productions shall be produced in NATIVEPATH metadata field in the .DAT load file.

(4) Files should be placed in a directory named "NATIVES."

4. Illegible Documents. Documents that cannot be read because of imaging or formatting problems, or because they are password-protected, shall be promptly identified by the Receiving Party. The Producing Party and the Receiving Party shall meet and confer to attempt to resolve problem(s).



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

5. Native Format Documents. The parties recognize that it may be appropriate for certain Documents to be produced in Native Format, such as spreadsheets, engineering drawings, presentations or slides, and audio and video files. In all cases, unless there is no textual content, an OCR or Extracted Text file shall be produced along with the Native File. The Receiving Party may request that the Producing Party produce additional file types of electronic Documents in Native Format where the converted image format distorts or causes the information to be improperly displayed, or for which there is no visual representation, such as audio files. Prior to producing any confidential information as defined in any applicable Protective Order entered herein in Native Format, the Producing Party and the Receiving Party shall meet and confer to establish additional procedures, to the extent necessary, for the protection of information contained in Native Files.

a. Excel and Access Databases. To the extent that responsive documents exist in Excel or another database program, documents shall be produced in Native Format unless the document needs to be redacted. To the extent that the document format constitutes a database created or maintained in Access or another software program, Documents shall be produced in their Native Format, where reasonably feasible. If a database is based upon proprietary software, the parties shall meet and confer regarding the format of production, which shall be a reasonably feasible format, to enable review by the Receiving Party. An image placeholder shall be provided for each document produced in Native Format. Each placeholder shall contain the phrase "DOCUMENT PRODUCED IN NATIVE FORMAT," or something similar, and shall contain the Bates number corresponding to the native file.

b. PowerPoint Presentations (PPT). PPT presentations should be produced in Native Format (*e.g.*, as .PPT files). PPT presentations shall be produced in full document PDF or single-page TIFF format, along with speaker notes, if redacted. The linked native file name should also match the Begin Bates field with the appropriate file extension.

c. Audio and Video Data. Parties should make best efforts to ensure care is taken for collection and production of any responsive audio and/or video data, and to preserve any Metadata that may be associated with those items. These data types may be stored in audio or video recordings, voicemail text messaging, and related/similar technologies.

d. Word Documents (or similar). Microsoft Word documents (.DOC, .DOCX, or substantially similar non-Microsoft file formats) should be produced in full document PDF or single-page TIFF format for each Document, containing all images for that document, and should be imaged in a manner that captures tracked changes and comments. To the extent a Receiving Party believes the converted image format distorts, omits, or causes



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

information to be improperly displayed, the Receiving Party may request the Document in Native Format and the Producing Party shall meet and confer to attempt to resolve the problem(s).

e. To the extent the Producing Party produces a Document in Native Format, the following specifications apply:

(1) Filenames must be unique in the production, unless the content is identical. Files should be named for the starting Bates number of the associated Document.

(2) The filename must retain the file extension corresponding to the original Native Format (e.g., an Excel 2003 spreadsheet's extension must be .xls).

6. <u>Color.</u> For any non-native documents, production will be in color where color is material to the understanding of the document or parts thereof (*e.g.*, product labels, photographs, charts, graphs, and marketing materials) or documents that need to be produced in color can be produced in native format. Otherwise, non-native document images may be produced in black and white.

When an original document contains color, the parties will honor reasonable requests for re-production of a color image of the document.

7. <u>Production Media.</u> A Producing Party may produce Documents electronically (via secure FTP, for example), or on an external hard drive, DVD, CD-ROM, or such other readily accessible computer or electronic media as the Producing Party and the Receiving Party may hereafter agree upon (the "Production Media"). Production Media should be labeled on its face with the production date, the production volume, the Bates range contained on the Production Media, and any confidentiality notation that may be required by the Protective Order entered in this case. Where not practicable to label Production Media on its face, a letter or email with the required information should be provided. If the Producing Party encrypts or "locks" the production, the Producing Party shall include, under separate cover, instructions regarding how to decrypt the files, and any necessary passwords.

8. <u>Document Unitization.</u> When scanning paper documents into Document images as described in Section III.C.1., they shall be unitized in a manner so as to maintain the Document(s) and any attachments as they existed in their original state, as reasonably feasible. Any applicable folder structure information should also be provided. Responsive attachments to e-mails stored shall be produced contemporaneously and sequentially immediately after the parent e-mail.

9. <u>Duplicates.</u> A Producing Party who has more than one identical copy of an electronic Document (*i.e.*, the Documents are actual duplicates) need only produce



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

a single copy of that Document. For avoidance of doubt, a Producing Party may de-duplicate actual duplicate documents across custodians, but all custodians should be identified in the All Custodians field, and the file path of each document is populated in the All Paths metadata field. A Producing Party need not review or produce non-inclusive e-mails, which is an e-mail whose text and attachments are fully contained in another email that is being reviewed for responsiveness.

10. Bates Numbering. Each Producing Party shall Bates number its production(s) as follows:

a. Each Bates number should consist of a unique identifier consisting of a prefix, followed by six numbers (*e.g.*, ABC000001). The prefix should be substantially similar for all pages produced by the same Producing Party throughout this litigation. Each page of a Document must have its own Bates number, and Bates numbers should be sequential.

b. Document Images. Each page of a produced Document shall have a legible, unique page identifier (Bates number) electronically "burned" onto the image at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source Document. No other legend or stamp should be placed on the document other than a confidentiality designation (where applicable), a privilege designation, or a redaction notification (where applicable). For confidential documents the confidentiality designation shall be "burned" onto each Document's image at a location that does not unreasonably obliterate or obscure any information from the source Document.

c. Native Format Documents. In order to preserve the integrity of any Native Format Documents that will be produced, no Bates number, confidentiality legend or redaction information should be added to the content of the Native Format Document. Each native should have an individual Bates number assigned.

11. Hyperlinked Documents. Electronic mail or collaborative application messages (including, but not limited to, Slack, Microsoft Teams, and Google Workspace) that contain Uniform Resource Locators (URLs) or links to files stored in cloud repositories, internal document management systems, or network locations (collectively, "Hyperlinked Documents") are recognized by the parties as the functional equivalent of traditional document attachments. The parties agree to meet and confer regarding the process for collecting hyperlinked documents.

If documents cannot be rendered to a readable PDF or TIFF format, and the document needs to be redacted for personally identifiable information or privileged content, the native



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

documents may be redacted by creating a new copy of the native document and inserting "Redacted" or similar language where the protected content is located. In that circumstance, a pristine copy of the original native file will be kept and the party will identify documents redacted in native format in the production cover letter and in the Redacted metadata field.

**METADATA FIELDS**

A. For scanned hard copy documents, the Producing Party will provide the Metadata fields below.

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Begin Bates | The production Bates number associated with the first page of a Document. |
| End Bates | The production Bates number associated with the last page of a Document. |
| BeginFamily | Begin Bates number of first page of the parent Document of family of attachments. |
| EndFamily | End Bates number of the last page of last attachment to a family of Documents. |
| Pages | Total number of pages in the Document. |
| TextPath | Link to text file for the document. |
| Placeholder | Identifies a Document has a placeholder image. |
| File Extension | The extension of the file. |
| Custodian | Identification of the custodian(s) from whom the file was sourced. |
| All Custodians | Identification of all custodians of the document. |
| Confidentiality | Confidentiality designation. |
| Redacted | (Y/N) field that identifies whether the document is redacted. |
| Production Volume | Production volume number (e.g., VOL001, VOL002, etc.). |
| Producing Party | Name of party producing the Document. |

B. For ESI and documents that were originally stored in electronic format, all fields below should be provided, to the extent reasonably feasible. Unless otherwise agreed by the parties, the field-naming conventions shall be as stated below, and shall be consistently applied across all productions:

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Begin Bates | The production Bates number associated with the first page of a Document. |
| End Bates | The production Bates number associated with the last page of a Document. |



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| BeginFamily | Begin Bates number of the first page of parent Document of family of attachments. |
| EndFamily | End Bates number of the last page of last attachment to a family of Documents. |
| Custodian | Identification of the custodian(s) from whom the file was sourced. |
| All Custodians | Identification of all custodians who the Producing Party agreed to produce and where a duplicate of the Document was de-duplicated when processing the documents. |
| File Path | The file path from which the document was collected |
| All Paths | Identification of all file paths for duplicate copies. |
| Author | Author field extracted from the Metadata of a Document or other creator identified for the Document. |
| From | From field extracted from the Metadata of an email message. |
| To | To field extracted from the Metadata of an email message. |
| Cc | Cc field extracted from the Metadata of an email message. |
| Bcc | Bcc field extracted from the Metadata of an email message. |
| Pages | Total number of pages in the Document. |
| Date Received | Datetime received (MM/DD/YYYY HH/MM/SS). |
| Date Sent | Datetime sent (MM/DD/YYYY HH/MM/SS). |
| Date Created | Datetime created (MM/DD/YYYY HH/MM/SS). |
| Date Modified | Datetime that a Document was last modified (MM/DD/YYYY HH/MM/SS). |
| Last Modified By | Identification of person(s) who last modified a Document. |
| Message Id | Unique Message Id. |
| In Reply To | Message ID of email that instant email is in reply to. |
| Subject | Subject line extracted from an email, e-document or e-attachment. |
| Filename | The full name of the Native File. |
| File Extension | The extension of the file. |
| File Size | The size of the file in bytes. |
| MD5 Hash | The MD5 hash value of a Document. |
| SHA1 Hash | The SHA1 hash value of a Document. |
| NativePath | The relative path to the native file for this Document. |
| TextPath | The relative path to the text file for this Document. |
| Redacted | Whether a Document has redactions (Y/N). |
| Placeholder | Whether a Document has a placeholder image (Y/N). |
| Confidentiality | Level of Confidentiality assigned. |
| Track Changes | Document has track changes (Y/N). |
| Hidden Content | Identifies documents with hidden content (i.e. hidden rows, columns, sheets, or slides). |
| Speaker Notes | Document has speaker notes (Y/N). |



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Has Comments | Indicates there are comments in the document. |
| Production Volume | Production volume number (e.g., VOL001, VOL002, etc.). |
| Producing Party | Name of party producing the Document. |



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED: November 16, 2026.

Jamal N. Whitehead
United States District Court Judge



REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400/Fax: +1 212 521 5450